**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

| | |
|---|---|
| ALBERT GOODMAN, | No. 17-56330 |
| Plaintiff-Appellee, | D.C. No. 2:15-cv-00020-FFM |
| v. | |
| BERT DOHMEN, | MEMORANDUM* |
| Defendant-Appellant. | |

Appeal from the United States District Court
for the Central District of California
Frederick F. Mumm, Magistrate Judge, Presiding

Argued and Submitted April 11, 2019
Submission Withdrawn September 20, 2019
Resubmitted August 5, 2020
Pasadena, California

Before: RAWLINSON and MURGUIA, Circuit Judges, and GILSTRAP,** District Judge.

We previously affirmed the district court, except with respect to the following state law issue of first impression, which we certified to the Supreme

---

\* This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.

\*\* The Honorable James Rodney Gilstrap, United States Chief District Judge for the Eastern District of Texas, sitting by designation.

Court of Delaware:

> In a Delaware limited partnership, does a general partner's request to a limited partner for a one-time capital contribution constitute a request for "limited-partner action" such that the general partner has a duty of disclosure, and, if the general partner fails to disclose material information in connection with the request, may the limited partner prevail on a breach-of-fiduciary-duty claim without proving reliance and causation?

*Goodman v. Dohmen*, No. 17-56330, 2019 WL 9244984, at \*\*4–5 (9th Cir. Sept. 20, 2019).

The Supreme Court of Delaware accepted our certification request and answered our certified question, as reframed below, in the negative:

> Under the stipulated facts of this dispute, the general partner's request to a limited partner for a one-time capital contribution does not constitute a request for limited partner action such that the general partner has a fiduciary duty of disclosure. Even if the general partner had a fiduciary duty of disclosure, if the general partner failed to disclose material information in connection with the request, the limited partner cannot recover compensatory damages without proving reliance and causation.

*Dohmen v. Goodman*, No. 403, 2019, 2020 WL 3428213, at \*10 (Del. June 23, 2020).

The Supreme Court of Delaware's decision requires resolution of this remaining issue in favor of Defendant-Appellant Bert Dohmen. We therefore **REVERSE**, **VACATE** the entry of judgment in favor of Plaintiff-Appellee Albert Goodman, and **REMAND** for proceedings consistent with this disposition. Each party shall bear his own costs.

2